FRED C. EDDY, as Receiver, etc., *v.* WILLIAMSBURGH CITY FIRE INSURANCE COMPANY, Appellant, and GILES EVERSON, Respondent.

SAME *v.* FIRE ASSOCIATION OF PHILADELPHIA, PA., Appellant, and GILES EVERSON, Respondent.

SAME *v.* PHŒNIX INSURANCE COMPANY OF HARTFORD, CONN., Appellant, and GILES EVERSON, Respondent.

SAME *v.* WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK, Appellant, and GILES EVERSON, Respondent.

SAME *v.* NEW YORK BOWERY FIRE INSURANCE COMPANY, Appellant, and GILES EVERSON, Respondent.

SAME *v.* FIRE INSURANCE ASSOCIATION OF LONDON, ENGLAND, Appellant, and GILES EVERSON, Respondent.

Argued and decided with *Eddy* v. *London Assurance Corporation* (*ante*, page 311).

Francisco A. Pellas, Respondent, v. Thornton N. Motley et al., Appellants.

By the terms of a contract between plaintiff and defendants T. N. M. and D. M., said defendants procured from defendant the C. N. Bank a certificate of deposit for $5,000, a sum agreed upon as liquidated damages in case of non-performance on their part. The certificate was delivered to defendant F. to be delivered up by him on the joint order of plaintiff and T. N. M. In an action to recover the amount, it appeared that T. N. M. and D. M. wrongfully refused to carry out their contract, and that the former refused to sign a written order for the delivery of the draft to plaintiff. *Held*, that the proper form of judgment was a direction requiring the delivery of such an order; that upon receipt thereof, F. deliver the certificate to plaintiff, and that the bank, upon presentation and delivery thereof indorsed by plaintiff, pay to him the $5,000; also, that T. N. M. and D. M. should be adjudged to pay interest on the amount from the time demand was made upon T. N. M. for the order and the costs of the action.

(Argued June 12, 1894; decided October 9, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to recover $5,000, as liquidated damages for the failure and refusal of the defendants Thornton N. Motley and Daniel Macauley to perform a contract entered into with them by which plaintiff agreed to sell to them a concession for steam navigation in Nicaragua, together with certain steamers, warehouses, machine shops and other property.

The Commercial National Bank of New York and W. W. Flannagan, its cashier, were made parties defendant, as the depository and holder of a certificate of deposit of $5,000, which had been deposited with said bank and to be delivered to plaintiff as liquidated damages upon the joint order of plaintiff and the defendant Motley in case he and defendant Macauley failed to carry out the contract.

The following is the opinion in full:

"Upon the facts found by the court the plaintiff is entitled to relief. The defense to the action was based upon alleged

false representations alleged to have been made by plaintiff to defendants Motley and Macauley, by means of which they were induced to enter into the contract in question. Those representations related to the condition of the property to be sold by the plaintiff, to its value and to the extent of the concession granted by the republic of Nicaragua to the plaintiff and which was to be assigned to the above-named defendants.

" The plaintiff denied making these alleged representations. Whether he made them or not was the issue which was tried before the court. It was sharply contested and evidence was given on both sides, and the trial court, upon a careful consideration of all of it, has found that the plaintiff did not make the representations, and that the defendants were not induced to enter into the contract by reason thereof. This finding has been carefully reviewed by the General Term of the Supreme Court, and has been approved by that tribunal, and it is of course conclusive upon us. The defendants did not base their defense upon any alleged inability to give a good title to any part of the real estate by the plaintiff. The matter of defective title is an afterthought, and has neither been set up in defendants' answer, tried by the court, or found by it to exist as a fact. The course of the trial, as evidenced by the record before us, shows this to be true. The issue upon which evidence was given was in regard to the alleged false representations as above set forth. Upon the issue thus formed the finding has been in favor of the plaintiff, and we cannot disturb it on the merits.

" There is, however, a technical difficulty regarding the form of the judgment which should be corrected. All that the defendant Flannagan had to do with the matter was to receive and keep the certificate of deposit for $5,000 upon the agreement to deliver it up upon the joint order of plaintiff and defendant Motley, and the bank has simply promised to pay $5,000 upon the presentation to it of the certificate of deposit. The money has been deposited with the bank by defendant Motley and others, to be paid upon the return of the certificate, as stated. It is this $5,000 which has thus been deposited that plaintiff is entitled to recover under the terms

of the contract. The judgment should, therefore, direct that the defendant Motley shall forthwith deliver to plaintiff a written order addressed to defendant Flannagan, directing him to deliver to plaintiff the certificate of deposit, and defendant Flannagan, upon receipt of such order, shall deliver the certificate to the plaintiff. The judgment must further direct that the defendant bank shall, upon the presentation and delivery of the certificate by the plaintiff, indorsed by him, pay to him the sum of $5,000. As neither Flannagan nor the bank has heretofore been in default, no costs should be imposed upon them. The defendants Motley and Macauley wrongfully refused to carry out their agreement, and they should pay interest on the $5,000 from the day demand was made upon them for an order directing the bank to pay the certificate of deposit to the plaintiff, and they should also pay the costs of this action.

" The judgment must be modified in accordance with the terms of the foregoing opinion, and, as modified, it should be affirmed, with costs as against defendants Motley ' and Macauley."

*D. M. Porter* and *Alfred E. Pette* for appellants.

*Henry Major* for respondent.

*Per Curiam* opinion for modification of judgment and affirmance as modified.

All concur, except ANDREWS, Ch. J., not sitting.

Judgment accordingly.